1   MELISSA MEEKER HARNETT (Bar No. 164309)
       mharnett@wccelaw.com
2   JESSE B. LEVIN (Bar No. 268047)
       jlevin@wccelaw.com
3   WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
    5567 Reseda Boulevard, Suite 330
4   Post Office Box 7033
    Tarzana, California 91357-7033
5   Telephone: (818) 705-6800 • Fax:  (818) 996-8266

6   Attorneys for Plaintiff LAWRENCE
    REGIS HOUSE, JR, individually and on
7   behalf of others similarly situated

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11  LAWRENCE REGIS HOUSE, JR.,              CASE NO.
    individually and on behalf of others
12  similarly situated,                     **CLASS ACTION**

13              Plaintiff,                  **COMPLAINT FOR DAMAGES
                                            AND EQUITABLE RELIEF**
14         vs.
                                            **JURY TRIAL DEMANDED**
15  CARRIER IQ, INC. a Delaware
    Corporation, and DOES 1-100,
16  inclusive,

17              Defendants.

18

19

20

21

22

23

24

25

26

27

28

1011644.1

1    Plaintiff LAWRENCE REGIS HOUSE, JR., on his own behalf and all others
2    similarly situated, brings this putative class action against Defendants CARRIER
3    IQ, INC., and DOES 1-100, inclusive, as follows:

4                              **I. NATURE OF THE ACTION**

5    1.    Defendants have been and continue to be engaged in a scheme data
6    theft the course of business of developing, selling and distributing software known
7    as "Carrier IQ" (the "PRODUCT"). The PRODUCT secretly tracks, records and
8    distributes private information from a consumer's smartphone, including without
9    limitation, location data, keystrokes, contacts, passwords, and private
10   communications in violation of the law and in disregard for the consequences that
11   could be caused by such violation. Specifically, the smartphones affected include
12   all models of smartphones with the Android operating system ("Android") installed.

13   Defendants' PRODUCT is installed *as an integral part* of Android, and is
14   currently used by tens of thousands of smartphone users throughout California and
15   the United States. Upon information and belief, CARRIER IQ developed the
16   software integration of the PRODUCT into the Android operating system with the
17   assistance of Android phone manufacturers and some of the largest cellular network
18   carriers in the United States: AT&T, Sprint and T-Mobile ("Carriers"). The
19   PRODUCT was subsequently installed on smartphones with the intent that the
20   smartphones would be sold to the general public. The ostensible purpose of the
21   PRODUCT is to monitor user activity and report the data to Carriers, smartphone
22   manufacturers and other third parties. The PRODUCT goes too far in eavesdropping
23   on user activity. Defendants' PRODUCT actively collects, records and transmits
24   personal data and communications of putative class members without Defendants
25   having received informed consent from the consumer, in violation of privacy and
26   consumer protection laws. Defendants' PRODUCT facilitates their electronic data
27   theft scheme by silently recording smartphone users' activity and transmitting it
28   over the air to CARRIER IQ's servers where it is then stored and sifted through for

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1   third party use.  CARRIER IQ admits as much on its website where its states that

2   the PRODUCT "automatically provid[es] accurate, real-time data direct from the

3   source – your customers' handsets.  Our powerful platform aggregates, analyzes and

4   delivers that data via easy-to-use web applications that help wireless carriers make

5   smart business decisions."

6       2.      Plaintiff purchased an HTC Incredible smartphone installed with

7   Android and the PRODUCT.

8       3.      Upon information and belief, all currently known methods of disabling

9   the PRODUCT will render Android smartphones unusable, constituting both a

10  financial loss and property damage to the consumer.  Indeed, this fact indicates how

11  deeply the PRODUCT is integrated within the Android operating system.

12  Defendants have left consumers with the choice of either having their every private

13  use of the phone recorded and transmitted to various companies or suffering the

14  economic and property loss of owning a phone that no longer works.

15      4.      Defendants' conduct violates the Federal Wiretap Act, 18 U.S.C. §§

16  2511. *et seq.*; the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030, *et seq.*; the

17  California Consumer Protection Against Spyware act; California Penal Code §§ 631

18  and 637.2; Consumer Legal Remedies Act, California Civil Code §§ 1750 *et. seq.*

19  ("CLRA") and California Business & Professions Code §§ 17200 et seq. ("UCL").

20                          **II.  PARTIES**

21      5.      Individual and representative plaintiff LAWRENCE REGIS HOUSE,

22  JR is a resident of Simi Valley, California, and citizen of the State of California.

23      6.      Defendant CARRIER IQ, INC. is incorporated in the State of

24  Delaware, with its principal place of business in Mountain View, California.

25      7.      Plaintiff is ignorant of the true names and capacities, whether

26  individual, corporate, associate, or otherwise, of the defendants named herein as

27  DOES 1 through 100, inclusive, or any of them and therefore sues said defendants,

28  and each of them, by such fictitious names.  Plaintiff is informed and believes and

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  thereon alleges that each of the fictitiously named defendants is responsible in some

2  form or manner for the acts, events, occurrences or failures to act herein alleged and

3  are liable to Plaintiff in connection therewith.  Plaintiff will amend this complaint to

4  set forth the true names and capacities of the defendants herein designated as DOES

5  when they have been ascertained.

6       8.     Plaintiff is informed and believes and thereon alleges that each

7  defendant was and is, an agent, servant, employee, partner and/or joint venturer of

8  each of the remaining Defendants and in doing the things herein alleged, each was

9  acting within the course and scope of such agency, employment, partnership, and/or

10  joint venture and with the knowledge, authority, permission and consent of the other

11  respondents.   Defendant and DOES 1 through 100, inclusive, are hereinafter

12  collectively referred to as "Defendants" except when otherwise specified by name.

13              **III.   JURISDICTION AND VENUE**

14       9.     Pursuant to 28 U.S.C. §1331, this Court has original subject matter

15  jurisdiction over the Class and the representative action arising under the Electronic

16  Communications Privacy Act (18 U.S.C. §§ 1030, *et. seq.*); the Computer Fraud and

17  Abuse Act (18 U.S.C. §§ 1030, *et seq.*); Civil RICO; and the Federal Wiretap Act,

18  18 U.S.C. §§ 2511.

19       10.    The Court further has jurisdiction over Plaintiff's claims brought under

20  California law pursuant to 28 U.S.C. § 1332, as amended by the Class Action

21  Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005), which

22  explicitly provides for the original jurisdiction of the Federal Courts of any class

23  action in which any member of the class is a citizen of a state different from any

24  defendant, and in which the matter in controversy exceed in the aggregate the sum

25  of $5,000,000.00, exclusive of interest and costs, which is believed to be applicable

26  to the instant case.

27       11.    Pursuant to 28 U.S.C. §1367 The Court further has supplemental

28  jurisdiction over the pendant state law claims because they are so related to the

1   Federal Claims in this action that they form part of the same case or controversy

2   under Article III of the United States Constitution.

3       12.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c)

4   because Defendant CARRIER IQ resides in this district and a substantial part of the

5   events or omissions giving rise to the claims occurred in this district.

6                    **IV.   FACTUAL ALLEGATIONS**

7       13.   Defendant's pattern of behavior violates consumer protection laws as

8   set forth herein, as well as the following statutes and regulations:

9       a.   Federal Wiretap Act (18 U.S.C. §§ 2511, *et seq.);*

10      b.   Computer Fraud and Abuse Act (18 U.S.C. §§ 1030, *et seq.);*

11      c.    the California Consumer Protection Against Spyware act,

12           Business & Professions Code §§ 22947, et.seq.; and

13      d.   California Penal Code §§ 631 and 637.2.

14      e.   Consumer Legal Remedies Act California Civil Code §§ 1750 *et.*

15           *seq.*

16      f.   California Unfair Competition Law ("UCL") California Business

17           & Professions Code §§ 17200 et seq.

18      14.   Based on Defendants' wrongful conduct and violations of law, this

19   complaint seeks restitution, jointly and severally from Defendants, of their ill-gotten

20   gains, injunctive relief, costs, and attorneys' fees.

21      15.   Under the UCL (predicated on violation of the laws listed above).

22   Plaintiff brings this consumer protection action individually and on behalf of the

23   general public to enjoin and compensate the victims of Defendants' predatory

24   actions.

25      16.   Within the four years preceding the filing of this Complaint, Plaintiff

26   purchased a smartphone installed with the PRODUCT, in the State of California.

27   Plaintiff and putative Class members have therefore suffered injury in fact in the

28   total amount spent to purchase their smartphone and contract to pay for wireless

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  telephone and data service.

2       17.    Plaintiff is entitled to an award of attorneys fees and costs in litigating

3  this action because:

4              a.    A successful outcome in this action will result in the enforcement

5  of important rights affecting the public interest by maintaining the integrity of

6  telecommunication services;

7              b.    This complaint will result in a significant benefit to the general

8  public or a large class of persons by compensating and/or restoring to consumers

9  their loss resulting from ownership of merchandise with an operating system the

10  consumers thought they were purchasing but were not;

11              c.    The necessity and financial burden of private enforcement of

12  these important public rights are such as to make an award of attorneys' fees

13  appropriate; and

14              d.    Unless the attorneys' fees and costs are awarded against

15  Defendant, consumers will not recover the full measure of their damages.

16              **V.    CLASS ACTION ALLEGATIONS**

17       18.    Plaintiff brings this lawsuit on behalf of himself and all other similarly

18  situated members of the general public.  The Class the Plaintiff seeks to represent is

19  composed of the following members of the general public:

20       **"All persons in the United States who, within the four years prior**

21       **to the filing of this action and ongoing (the "Class Period"),**

22       **purchased a smartphone installed with Carrier IQ software."**

23       19.    Plaintiff seeks certification of a Nationwide Class.  The Class is

24  believed to comprise millions of members of the general public, whose joinder is

25  impracticable, and whose class claims will provide substantial benefit both to the

26  parties and the court system upon disposition.  A well-defined commonality of

27  interest in the questions of law and fact involved affects all parties represented.

28  Common questions of law and fact predominate over the questions that may affect

1   individual Class Members, including but not limited to the following:

2           a.      Whether Defendants owed a duty to the Class to give notice of

3   the existence and operation of the PRODUCT on Plaintiff's smartphone and

4   whether Defendants breached such duty;

5           b.      Whether Defendants owed a duty to the Class to obtain

6   authorization from consumer users of Defendant's software in order to permit

7   operation of Defendants' PRODUCT, for the purposes of eavesdropping on data and

8   communications, and transmitting and/or storing such information, and whether

9   Defendants breached such duty;

10          c.      Whether Defendants monitored, intercepted, recorded, and/or

11  stored data and other private information, or caused that to occur, from Plaintiff's

12  and Class Members' smartphones and sold and/or otherwise transferred such private

13  information to third parties;

14          d.      Whether Defendants made false and misleading statements

15  and/or material omissions regarding the safety and security of the PRODUCT and/or

16  the smartphone;

17          e.      Whether Defendants' conduct violates the Federal Wiretap Act

18  (18 U.S.C. §§ 2511, *et seq.*);

19          f.      Whether Defendants' conduct violates the Computer Fraud and

20  Abuse Act (18 U.S.C. §§ 1030, *et seq.*);

21          g.      Whether Defendants' conduct violates the California Consumer

22  Protection Against Computer Spyware Act;

23          h.      Whether Defendants' conduct violates California Penal Code §§

24  631 and 637.2;

25          i.      Whether Defendants' conduct violates the UCL and the CLRA;

26          j.      Whether the Plaintiff and the other Class members are entitled to

27  declaratory and injunctive relief against the Defendants;

28          k.      Whether Plaintiff and the other Class Members are entitled to

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

WASSERMAN, COMDEN, CASSELMAN & ESENSTEIN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  restitutionary disgorgement and/or other pecuniary damages; and

2          l.      Whether Plaintiff and the other Class Members are entitled to

3  attorneys' fees and costs.

4          20.     Plaintiff is a member of the general public who purchased a smartphone

5  with the Android operating system and the PRODUCT installed therein.

6          21.     Plaintiff's claims are typical of the claims of the Class, and he will

7  fairly and adequately represent and protect the interests of the Class.  Plaintiff does

8  not have any interests antagonistic to those of the Class.  Plaintiff has retained

9  competent and experienced counsel in the prosecution of this type of litigation.  The

10 questions common to the Class Members, some of which are set out above,

11 predominate over any questions affecting only individual Class Members.

12         22.     A class action is superior to other available methods for the fair and

13 efficient adjudication of this controversy because the Class Members number in the

14 tens of thousands and individual joinder is impracticable, difficult or impossible for

15 the individual Class Members to prosecute their claims, and a class action will

16 conserve the resources of the Court.

17         23.     Plaintiff's counsel are experienced class action attorneys and will fairly

18 and adequately represent all Class Members' interests.

19         24.     Absent a class action and class certification, Defendants will likely

20 retain millions of dollars received as a result of their unlawful, unfair and deceptive

21 practices and will continue to extract millions of dollars in perpetration of such

22 practices.

### VI.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### For Violation of the Federal Wiretap Act

### (18 U.S.C. §§ 2511. et seq.)

### (Asserted by Plaintiff against all Defendants)

28         25.     Plaintiff incorporates by reference all the above (and below) allegations

as if fully set forth herein.

26.     Defendants intentionally intercepted, or endeavored to intercept or enable third parties to intercept, electronic communications of Plaintiff and Class Members in violation of 18 U.S.C. §§ 2511, *et seq.* (the "Federal Wiretap Act"). In addition, Defendants intentionally used, or endeavored to use, the contents of electronic communications of Plaintiff and Class Members, knowing that the information was obtained through the interception of an electronic communication, in violation of the Federal Wiretap Act.

27.     The electronic communications Defendants intercepted, caused to be intercepted, and/or used were not made through an electronic communication system that was readily accessible to the general public. To the contrary, the very nature of the electronic communications Defendants intercepted and/or used was private and confidential to Plaintiff and Class Members.

## SECOND CAUSE OF ACTION

### For Violation Of the Computer Fraud And Abuse Act

### (18 U.S.C. §§ 1030, et seq.)

### (Asserted by Plaintiff against all Defendants)

28.     Plaintiff incorporates by reference all the above (and below) allegations as if fully set forth herein.

29.     All smartphones equipped with the Carrier IQ Software operated by Plaintiff and Class Members are "computers" within the meaning of 18 U.S.C. § 1030(e)(I) because they are high speed data processing devices that perform logical, arithmetic, or storage functions.

30.     Plaintiff's and Class Members' smartphones are "protected computers" within the meaning of 18 U.S.C. § 1030(e)(2)(B) .*et seq.* because they are used in interstate commerce or communication, by, inter alia: (1) intentionally accessing Plaintiff's and Class Members' smartphones without authorization or exceeding authorized access, thereby obtaining information from their smartphones; (2)

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  intentionally accessing Plaintiff's and Class Members' smartphones without

2  authorization, and as a result, recklessly causing damage; and/or (3) intentionally

3  accessing Plaintiff's and Class Members' smartphones without authorization, and as

4  a result, causing damage and loss.

5      31.   Defendants intentionally accessed Plaintiff's and Class Members'

6  smartphones without authorization or exceeded their authorized access, and thereby

7  obtained information from their smartphones. Defendants monitored, logged, and

8  recorded the keystrokes Plaintiff and Class Members made in their smartphones,

9  obtaining information regarding Plaintiff's and Class Members' telephone calls, text

10  messages, web browsing, and other activities.

11      32.   Defendants intentionally accessed Plaintiff's and Class Members'

12  smartphones without having received informed consent and recklessly caused

13  damage by impairing the integrity of data or information on their smartphones.

14  Specifically, Defendants' conduct jeopardized the private and confidential nature of

15  Plaintiff's and Class Members' activities on their smartphones. Defendants

16  intentionally accessed Plaintiff's and Class Members' smartphones without

17  authorization and caused damage and loss by forcing Plaintiff and Class Members to

18  incur costs in responding to Defendants' offense, conduct a damage assessment,

19  cease use of the smartphone, pay more for the smartphone when purchased at a price

20  that exceeded the value of the merchandise had the true facts described herein been

21  disclosed, pay for an illegal devise that would not have been purchased if the true

22  facts had been disclosed, and/or attempt to uninstall or disable Defendants' software.

23      33.   As a direct result of Defendants' conduct, Defendants obtained

24  information valued over $5,000, caused damage exceeding an aggregate of $5,000

25  in value during a one-year period, and damaged 10 or more "protected computers"

26  during a one-year period.

27

28

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

## THIRD CAUSE OF ACTION

**For Violation of the Consumer Protection Against Computer Spyware Act**

**(California Business & Professions Code § 22947, et seq. "CPACSA")**

**(Asserted by Plaintiff against all Defendants)**

34.   Plaintiff incorporates by reference all the above (and below) allegations as if fully set forth herein.

35.   Defendants' PRODUCT is malware software deceptively or surreptitiously installed on consumer user computers. namely smartphones, by means of an intentional and material failure to provide any notice to a consumer user regarding the installation or existence of software permitting illegal invasion of privacy rights, which results in deception of the consumer user.

36.   Defendants are not authorized users of Plaintiff's smartphone, as defined in Section 22947.1. On information and belief, Defendants are using the PRODUCT in a manner in excess of, or in a manner unauthorized under, Section 22947.3(d).

37.   Defendants knew, consciously avoided actual knowledge that their software would be copied, or willfully caused their software to be copied, onto the smartphones of consumers in the State of California, including Plaintiff and putative Class members.

38.   On information and belief, Defendants used the PRODUCT to collect, through intentionally deceptive means, identifiable personal information, including, but not limited to:

a.   through the use of a keystroke-logging function that records all keystrokes made by an authorized user who uses the computer and transfers that information from the computer to another person; and,

b.   by monitoring and recording all or substantially all of the Websites visited by the consumer, other than Websites of the provider of the software.

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

39.    Defendants installed the PRODUCT in a manner which was designed to, and did, conceal from consumers the fact that the software was installed on the smartphone purchased and used by the consumers. Defendants, on information and belief, accessed or used consumer's Internet service for the purpose of causing a smartphone user, namely the Plaintiff and putative class, to incur financial charges for bandwidth and related data services not authorized by such consumers. The PRODUCT and its hidden nature prevented reasonable efforts by authorized users of smartphones to disable such software.

40.    Defendants' conduct violated the CPACSA, causing damage to Plaintiff and the putative class, including but not limited to causing them to incur loss of use of their smartphones and charges from any attempt to uninstall the PRODUCT.

41.    Plaintiff seeks an award of statutory damages and any actual damages, court costs, attorney's fees, and any other relief the Court deems proper, for Defendants' violation of the CPACSA.

42.    As a result of Defendants' violations of the CPACSA, Plaintiff and the putative class have suffered, and are suffering, irreparable injury. Unless restrained by this Court, such injuries will continue to be inflicted. Plaintiff also seeks injunctive relief as set forth herein.

## FOURTH CAUSE OF ACTION

### For Violation of California Penal Code Sections 631 and 637.2

### (Asserted by Plaintiff against all Defendants)

43.    Plaintiff incorporates by reference all the above (and below) allegations as if fully set forth herein.

44.    In violation of California Penal Code §631, Defendants, without the willful consent of Plaintiff and the Class members, made an unauthorized connection to Plaintiff's and the putative Class members' smartphones over the Internet in this State.

45.    In violation of California Penal Code § 631, Defendants, without

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  having obtained the informed consent of the Plaintiff and putative Class members,

2  attempted to use and did use and communicate, and did aid, agree and conspire to

3  use, the information wrongfully obtained in violation of § 631. Pursuant to

4  California Penal Code § 637.2(c), which specifically states that actual damages or

5  the threat of actual damages are unnecessary for recovery, Plaintiff and each

6  putative Class member is entitled to $5,000, or three times the actual damages

7  sustained, whichever is greater.

8      46.    Pursuant to California Penal Code §637.2(b), Plaintiff and the putative

9  Class members also request that Defendants' conduct, as alleged herein, be enjoined

10 and restrained.

## FIFTH CAUSE OF ACTION

### For Violation of California's Unfair Competition Law ("UCL")

### (California Business & Professions Code §17200 et seq.)

### (Unfair and Fraudulent Conduct Prongs)

### (Asserted by Plaintiff against all Defendants)

16     47.    Plaintiff incorporates by reference all the above (and below) allegations

17 as if fully set forth herein.

18     48.    Within the four years preceding the filing of this Complaint,

19 Defendants have violated the fraudulent/ deceptive prong of the UCL by the conduct

20 described above.

21     49.    Defendants' fraudulent and deceptive practices described above present

22 a continuing threat to the Plaintiff and members of the putative class and general

23 public in that Defendants persist and continue to engage in these unfair competition

24 practices and will not cease doing so unless and until this Court issues an injunction.

25     50.    Plaintiff is informed and believes that, as a result of the Defendants'

26 fraudulent and deceptive practices, the Defendants have received and continue to

27 financially benefit, and/or collect and hold revenues flowing from their customers

28 use and/or purchase of the PRODUCT on their smartphones.  The Defendants have

1    failed to refund any of these revenues to customers.

2         51.    Therefore, pursuant to Business and Professions Code section 17203,

3    Plaintiff seeks an order of this Court permanently enjoining Defendants from

4    engaging in the unfair conduct as alleged herein, and ordering that Defendants make

5    full restitution of all monies expended by Plaintiff and the putative class to purchase

6    smartphones containing the PRODUCT, disgorge all ill-gotten revenues and/or

7    profits, recall all smartphones with the PRODUCT, and    stop collecting,

8    transmitting, storing private information and/or invading privacy rights of

9    consumers through use of the PRODUCT.

## SIXTH CAUSE OF ACTION

### For Violation of California's 'UCL

### (Business & Professions Code §17200 et seq.)

### (Unlawful Practices)

### (Asserted by Plaintiff against all Defendants)

15        52.    Plaintiff incorporates by reference all the above (and below) allegations

16   as if fully set forth herein.

17        53.    Defendants violated the unlawful prong of the UCL by violating the

18   Federal Wiretap Act, 18 U.S.C. §§ 2511. *et seq.*; the Computer Fraud And Abuse

19   Act, 18 U.S.C. §§ 1030, *et seq.*; the California Consumer Protection Against

20   Spyware act; and California Penal Code §§ 631 and 637.2.

21        54.    Plaintiff, has suffered harm as a result of Defendants' violations of the

22   unlawful prong of the UCL because he has paid monies for a smartphone sold with

23   the PRODUCT, that he otherwise would not have purchased or paid as much had he

24   known the true facts.  He is unable to uninstall the PRODUCT from his smartphone

25   causing his smartphone to become inoperable and/or *de facto* unusable by virtue of

26   its continued violation of laws as set forth herein.

27        55.    The Defendants' unlawful practices described above present a

28   continuing threat to the Plaintiff and members of the putative class and the public in

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  that Defendants persist and continue to engage in these practices, have not

2  abandoned or censored the continuing violative operations described herein, and

3  will not cease doing so unless and until this Court shall issue an injunction.

4       56.   As a direct result of the Defendants' unlawful practices, the Defendants

5  have received and continue to collect and hold revenues from the sale of the

6  PRODUCT and/or Plaintiff and the class' use and continuing use of the smartphones

7  installed with the PRODUCT.  The Defendants have failed to refund any of these

8  revenues to customers.  These revenues properly belong to members of the general

9  public who purchased smartphones with the PRODUCT installed, and they are

10  entitled to and should receive restitution of all such monies jointly and severally

11  from all Defendants.

12       57.   Therefore, pursuant to Business and Professions Code section 17203 et

13  seq., Plaintiff seeks an order of this Court permanently enjoining Defendants from

14  engaging in the unfair conduct as alleged herein, and requiring that Defendants

15  make full restitution of all monies wrongfully obtained, disgorge all ill-gotten

16  revenues and/or profits, recall all smartphones with the PRODUCT, and to stop

17  collecting, transmitting, storing, or enabling the foregoing, of private information

18  and/or invading privacy rights of consumers.

19               **SEVENTH CAUSE OF ACTION**

20              **For Violation of California's 'UCL**

21       **(Business and Professions Code § 17200 et seq.)**

22                 **(Unfair Practices)**

23      **(Asserted by Plaintiff against all Defendants)**

24       58.   Plaintiff incorporates by reference all the above (and below) allegations

25  as if fully set forth herein.

26       59.   Defendants' conduct, described herein above, violates the unfair

27  conduct prong of the UCL because such conduct violates various laws and policies

28  recognized by public policy, the Federal and California Legislature, and the

California courts, and because the utility of Defendants' conduct, if any, is significantly outweighed by the gravity of the harm it imposes on consumers, and because Defendants' business practices described herein are oppressive, unscrupulous or substantially injurious to consumers.

60.    Defendants' unfair practices as described above present a continuing threat to the Plaintiff, members of the putative class, and members of the public in that Defendants persist and continue to engage in these practices and will not cease doing so unless and until this Court shall issue an injunction.

61.    As a direct result of the Defendants' unfair practices, the Defendants have received, and continue to collect and hold, revenues which properly belong to consumers who purchased smartphones with the PRODUCT installed, and they are entitled to and should receive restitution of all such monies jointly and severally from all Defendants.   Defendants have failed to refund any of these revenues to Plaintiff and putative class members.

62.    Therefore, pursuant to Business and Professions Code section 17203 et seq., Plaintiff seeks an order of this Court permanently enjoining Defendants from engaging in the unfair conduct as alleged herein, make full restitution of all monies wrongfully obtained, disgorge all ill-gotten revenues and/or profits, recall all smartphones with the PRODUCT, and to stop collecting, transmitting, storing private information and/or invading privacy rights of consumers.

## EIGHT CAUSE OF ACTION

### Violation of the Consumer Legal Remedies Act

**(Asserted by Plaintiff against all Defendants, on behalf of a subclass, and at this time solely for injunctive relief as explained below)**

63.    Plaintiff incorporates by reference all the above (and below) allegations as if fully set forth herein, excluding for the present any allegation purporting to seek damages at this time, as explained herein.

64.    Plaintiff asserts this cause of action on behalf of members of a putative

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

WASSERMAN, COMDEN, CASSELMAN & ESENSTEIN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1    sub-class, limited to only those individuals who within three years of the filing of

2    this complaint purchased for personal, family or household purposes a smartphone

3    installed with the PRODUCT.  Plaintiff is a member of the putative sub-class in that

4    he purchased and used for personal purposes a smartphone installed with the

5    PRODUCT

6      65.   Plaintiff has standing to pursue this claim as Plaintiff has suffered

7    injury in fact and has lost money or property as a result of Defendants' actions as set

8    forth herein and above.   He purchased a smartphone with installed with the

9    PRODUCT without having been informed as to the illegal operations of the

10    software in the smartphone and/or that use of the software would permit, and did

11    cause, private and/or personal information to be transmitted to third parties, and he

12    has ceased to use the illegal phone.

13      66.   Defendants have represented, and/or by virtue of material omissions

14    implicitly represented, that the software has characteristics, uses, benefits, or

15    qualities that it does not have, in violation of Civil Code §1770(a)(5).  Defendants

16    have also represented that the software has a particular standard or quality that it

17    does not have in violation of Civil Code §1770(a)(7).

18      67.   Defendants have represented, and/or by virtue of material omissions

19    implicitly represented, that a transaction confers or involves rights, remedies or

20    obligations which it does not have or involve, in violation of Civil Code

21    §1770(a)(14).

22      68.   Defendants have represented, and/or by virtue of material omissions

23    implicitly represented, that a transaction confers or involves rights, remedies or

24    obligations which are prohibited by law, in violation of Civil Code §1770(a)(14).

25      69.   Defendants' practices, acts and course of conduct as described above,

26    are likely to mislead a reasonable consumer acting reasonably under the

27    circumstances to his or her detriment.  Plaintiff and other members of the putative

28    Class would not have purchased the smartphone with the software if the truth and all

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1 | facts concerning the software had been disclosed to him.

2 | 70.    Plaintiff and other members of the putative Class have each been

3 | directly and proximately injured by the conduct of Defendants, and such injury

4 | includes payment for a smartphone installed with the PRODUCT so as to enable the

5 | wrongful activities described herein to occur.

6 | 71.    Plaintiff has filed concurrently herewith the declaration of venue

7 | required by Civil Code Section 1780(d).

8 | 72.    Defendants' wrongful business practices constitute a continuing course

9 | of conduct in violation of the California Consumer Legal Remedies Act since the

10 | wrongful conduct described herein continues to occur and Plaintiff and the putative

11 | sub-class continue to suffer harm.

12 | 73.    In accordance with California Civil Code § 1780 (a), Plaintiff and the

13 | members of the sub-Class currently seek only injunctive relief as to Defendants'

14 | violation of the CLRA, described as: an order of this Court permanently enjoining

15 | Defendants from engaging in the wrongful conduct as alleged herein, requiring that

16 | Defendants recall all smartphones installed with the PRODUCT, and stop collecting,

17 | transmitting, storing private information and/or invading privacy rights of

18 | consumers.

19 | 74.    *Notice Pursuant to Civil Code § 1782.*   As a direct and proximate

20 | result of Defendants' violations of law, Plaintiff and the Class have been injured.

21 | Pursuant to the provisions of California Civil Code § 1782, Plaintiff demands that

22 | within thirty (30) days from service of this Complaint, Defendants adequately

23 | correct, repair, replace or otherwise rectify the deceptive practices described in this

24 | Complaint for the Class, pursuant to California Civil Code § 1770.  This includes

25 | providing notice and full compensation to consumers who have purchased the

26 | product within the sub-class period, as well as ceasing the conduct described herein.

27 | If Defendants fail to do so, Plaintiff will amend this Complaint to seek damages

28 | pursuant to Civil Code § 1782. Contemporaneously with the filing of this complaint,

1   a certified letter has been sent to Defendants and each of them in compliance with

2   the CLRA, and Plaintiff reserves the right to amend this complaint as permitted by

3   the CLRA to seek relief in addition to the injunctive relief which now is the sole

4   relief sought pursuant to the CLRA.

## NINTH CAUSE OF ACTION

### Restitution of Unjust Enrichment

### (Asserted by Plaintiff against all Defendants)

75.    Plaintiff incorporates by reference all the above (and below) allegations as if fully set forth herein.

76.    This cause of action is being asserted on behalf of Plaintiff and the putative Class members who purchased smartphones with the PRODUCT installed within the applicable statute of limitations period.

77.    Defendants have benefited and have been unjustly enriched by the above-alleged conduct.

78.    Defendants have knowledge of this benefit, and have voluntarily accepted and retained this benefit.

79.    The circumstances as described herein are such that it would be inequitable for Defendants to retain these ill-gotten benefits without paying the value thereof to Plaintiff and the putative Class members.

80.    Plaintiff and the putative Class members are entitled to the amount of Defendants' ill-gotten gains, including interest, resulting from their unlawful, unjust and inequitable conduct as described above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

FOR THE FIRST CAUSE OF ACTION:

1.    Pursuant to 18 U.S.C. § 2520, an award of statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000 per Class Member

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

2.     An award of punitive damages;

FOR THE FIRST THROUGH FOURTH CAUSES OF ACTION:

3.     An award of general damages according to proof;

4.     An award of special damages according to proof.

FOR THE FOURTH CAUSE OF ACTION:

5.     An award of $5,000.00 per class member or treble damages according to proof, whichever is greater.

FOR ALL CAUSES OF ACTION, OTHER THAN THE EIGHTH CAUSE OF ACTION:

6.     An Order certifying the Class and any appropriate sub-class thereof, and appointing Plaintiff and his attorneys to represent the Class;

7.     An award of restitution in an amount according to proof;

8.     Disgorgement in an amount according to proof;

9.     For a temporary, preliminary and permanent injunction enjoining the Defendant, and each of them, from engaging in the acts of unfair competition alleged above and compelling Defendants, jointly and severally, to remove the PRODUCT from the Class' smartphones via software update, and all versions of Android on shelves and the distribution chain and restore to the Plaintiff and the members of the class all general funds acquired by the means of any practice found by this Court to be unlawful or constitute unfair competition.

10.     For a reasonable fee to Plaintiff for his services in bringing this action on behalf of the general public;

11.     For reasonable attorneys' fees; and for costs of suit,

12.     For such further relief as the Court may order.

FOR THE EIGHTH CAUSE OF ACTION:

13.     An Order certifying the Class and any appropriate sub-class thereof, and appointing Plaintiff and his attorneys to represent the Class;

14.     For a temporary, preliminary and permanent injunction enjoining the

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  Defendant, and each of them, from engaging in the acts of alleged above, recall all

2  smartphones installed with the PRODUCT, and to stop collecting, transmitting,

3  storing private information and/or invading privacy rights of consumers.

4      15.    For a reasonable fee to Plaintiff for his services in bringing this action

5  on behalf of the general public;

6      16.    For reasonable attorneys' fees; and

7      17.    For costs of suit, and for such further relief as the Court may order.

8  DATED: December 9, 2011        **WASSERMAN, COMDEN,**
                                   **CASSELMAN & ESENSTEN, L.L.P.**
9

10

11     By: _____
                  JESSE B. LEVIN
12     Attorneys for Plaintiff LAWRENCE REGIS
       HOUSE, JR.., individually and on behalf of
13     others similarly situated

14

15                    **JURY DEMAND**

16     1.    Plaintiff hereby demands a trial by jury of their claims against

17  Defendants.

18  DATED: December 9, 2011        **WASSERMAN, COMDEN,**
                                   **CASSELMAN & ESENSTEN, L.L.P.**
19

20

21     By: _____
                  JESSE B. LEVIN
22     Attorneys for Plaintiff LAWRENCE REGIS
       HOUSE, JR., individually and on behalf of
23     others similarly situated

24

25

26

27

28

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1011644.1

21

CLASS ACTION COMPLAINT